UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**DEANDRE JOHNSON, #1999377,**

    **Petitioner,**

v.

**HAROLD W. CLARKE, Director,**
**Virginia Department of Corrections,**

    **Respondent.**

CIVIL ACTION NO. 2:22-cv-529

### REPORT AND RECOMMENDATION

Petitioner Deandre Johnson ("Johnson" or "Petitioner") is an inmate at Greensville Correctional Center ("GCC"), currently serving a 248-month sentence. Pet'r's Br. (ECF No. 4, at 11-12). On June 17, 2022, while serving his sentence, Johnson received his legal update sheet, from which he learned that as of June 30, 2021, the Virginia Department of Corrections ("VDOC") had reduced his rate of earned sentence credits ("ESC") to class Level IV for a period of twelve months. Id. at 4, 11. On August 5, 2022, Johnson filed a petition for writ of habeas corpus in the Supreme Court of Virginia, claiming that when VDOC reduced his ESC class level without providing him with notice or a hearing, VDOC violated his due process rights. Id. at 10, 15. The Supreme Court of Virginia declined Johnson's petition, concluding it lacked jurisdiction under the state's habeas corpus jurisprudence. Id. at 10. Johnson then filed the instant Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 in this court on December 16, 2022, with the same claim, asking for this court to "restore Petitioner's lost ESC credits." Pet. (ECF No. 1, at 1, 4, 7).

Respondent Harold W. Clarke ("Respondent"), Director of VDOC, filed a Motion to Dismiss Johnson's Petition and a supporting brief. Mot. Dismiss (ECF No. 15); Mem. Supp.

Resp't's Mot. Dismiss ("Resp't's Mem.") (ECF No. 16). Respondent argues that Johnson's claims are not cognizable under § 2254 and that this court should therefore concur with the Supreme Court of Virginia's ruling and dismiss Johnson's Petition. Resp't's Mem. (ECF No. 16, at 3-6). Petitioner then filed his response, reiterating his due process claim. Pet'r's Resp.[1] (ECF No. 18, at 2-3). Because Petitioner's level reclassification did not invalidate his confinement or necessarily increase the length of his confinement, this Report recommends that Respondent's Motion to Dismiss be GRANTED, and Petitioner's habeas petition be DENIED and DISMISSED.

## I. Statement of the Case

Petitioner is an inmate at GCC, a VDOC facility, where he is currently serving a 248-month sentence. Pet'r's Br. (ECF No. 4, at 11).

In Virginia prisons, inmates can earn sentence credits (ESCs) by participating in "educational, vocational, counseling, and substance abuse programs." Va. Code. Ann. § 53.1-202.5. Once earned, these credits reduce an inmate's term of confinement. Id. § 53.1-202.2(A). There are five possible rates at which to earn credits, primarily defined by four classification levels. Id. § 53.1-202.3. An inmate receiving ESCs at Level I shall have 15 days deducted for every 30 days served. Id. § 53.1-202.3(B)(1). At Level II this becomes a 7.5-day reduction, and at Level III this becomes a 3.5-day reduction. Id. § 53.1-202.3(B)(2)-(3). At Level IV, inmates will receive no ESCs. Id. § 53.1-202.3(B)(4). Inmates convicted of certain enumerated offenses can only earn a maximum reduction of 4.5 days for every 30 days served. Id. § 53.1-202.3(A). VDOC determines and adjusts an inmate's classification level based upon their crime, their behavioral infractions, and their attendance at assigned programs. Id. § 53.1-202.3(C).

---

[1] Petitioner filed a Motion for Summary Judgment instead of a memorandum in opposition to Respondent's Motion to Dismiss, but Petitioner's motion was responsive to the Motion to Dismiss, so this court shall treat it as a brief opposing Respondent's Motion.

2

Petitioner claims that upon his transfer to a VDOC facility on July 21, 2021, he was earning ESCs at a rate of 4.5 days for every 30 days served. Pet'r's Br. (ECF No. 4, at 4). On May 4, 2021, while an inmate, Petitioner committed an offense that, on June 30, 2021, led the Stafford General District Court to convict him of intentionally damaging a monument. Id. at 11. The same day as Petitioner's conviction, VDOC reduced Petitioner's ESC class to Level IV for a period of 12 months, making Petitioner incapable of earning ESCs during that time. Id. However, VDOC did not give Petitioner notice or a hearing, and Petitioner alleges that he did not learn of his reclassification until he received his legal update on June 17, 2022. Id. at 4.

On August 5, 2022, Johnson filed a pro se petition for a writ of habeas corpus in the Supreme Court of Virginia. Id. at 10, 13. He claimed that VDOC violated his due process rights when it reduced his ESC class level to IV without providing him with notice or a hearing.[2] Id. at 15. The Supreme Court of Virginia dismissed Johnson's Petition, concluding that "[t]he court's habeas corpus jurisdiction . . . does not extend to 'disputes which only tangentially affect an inmate's confinement, such as prison classification issues concerning the rate at which a prisoner earns good conduct.'" Id. at 10 (quoting Carroll v. Johnson, 685 S.E.2d 647, 652 (2009)).

On December 16, 2022, Johnson filed the instant Petition for a Writ of Habeas Corpus in this court under 28 U.S.C. § 2254. Pet. (ECF No. 1). Petitioner repeats his state petition claim that VDOC violated his due process rights by failing to provide him with notice or a hearing before reducing his ESC level. Id. at 4. As a remedy, Petitioner asks for this court to "restore Petitioner's lost ESC credits." Id. at 7. Petitioner then filed a brief in support of his petition on January 17, 2023, arguing that "the prisoner's interest [in the right to good time] has real

---

[2] Petitioner included a second claim under the First Amendment based upon his conviction for sending an inappropriate letter to a Commonwealth's Attorney in violation of a VDOC rule. Pet'r's Br. (ECF No. 4, at 14-15). The Supreme Court of Virginia did not directly address this claim, see id. at 10, and Petitioner did not raise the claim again in his petition before this court, see Pet. (ECF No. 1).

3

substance and is sufficiently embraced within the Fourteenth Amendment 'liberty' to entitle him to those minimal procedures . . . required by the Due Process Clause." Pet'r's Br. (ECF No. 4, at 6) (quoting Wolff v. McDonnell, 418 U.S. 539, 557 (1974)).

Respondent filed a Rule 5 Answer, Motion to Dismiss, and a Memorandum in Support of his Motion to Dismiss on March 23, 2023, along with a Roseboro Notice pursuant to Local Rule 7(K). Rule 5 Answer (ECF No. 14); Mot. Dismiss (ECF No. 15); Resp't's Mem. (ECF No. 16); Notice Mot. Pursuant Local Rule 7(K) (ECF No. 17). Respondent argues that "a change in the rate of expected credit, based on an improper disciplinary hearing, is not cognizable in a petition for writ of habeas corpus." Resp't's Mem. (ECF No. 16, at 4). This, Respondent contends, is because Petitioner's challenge to his level reclassification would not "necessarily spell his immediate or speedier release." Id. at 5 (quoting Gaskins v. Johnson, 443 F. Supp. 2d 800, 803 (E.D. Va. 2006)) (cleaned up).

Petitioner responded on April 13, 2023, arguing that VDOC's reduction of his classification level "inevitably affect[s] the duration of [his] sentence by increasing the amount of time [he] must serve in prison." Pet'r's Resp. (ECF No. 18, at 3). In support of this argument, Petitioner cites the difference between what he claims would have been his earliest release date "sometime in late 2035" and his current estimated release date of December 29, 2038. Id. at 3; see id. at 4; Pet'r's Br. (ECF No. 4, at 11). The matter is now ripe for review.

## II.   Legal Standard

Petitioners imprisoned by the judgment of a state court cannot file a federal petition for a writ of habeas corpus unless they first exhaust the remedies available to them in the courts of that state or prove that such state remedies are absent or ineffective. 28 U.S.C. § 2254(b)(1). When a petitioner exhausts his state remedies and files a federal petition, the Antiterrorism and Effective

Death Penalty Act of 1996 ("AEDPA") provides that if a state court reviewed the petitioner's claim on the merits, the federal court must apply a deferential standard of review. Id. § 2254(d). Thus, if the Supreme Court of Virginia adjudicated Petitioner's claim on the merits, this court cannot grant Johnson's Petition for a Writ of Habeas Corpus unless the Supreme Court of Virginia's adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Id. § 2254(d)(1)-(2). If the Supreme Court of Virginia did not adjudicate Johnson's petition on the merits, this court reviews his petition de novo. See Gordon v. Braxton, 780 F.3d 196, 202 (4th Cir. 2015).

In dismissing Johnson's petition, the Supreme Court of Virginia ruled that its "habeas corpus jurisdiction . . . does not extend to disputes which only tangentially affect an inmate's confinement," and so Johnson's claims "are not cognizable in a petition for a writ of habeas corpus" under Virginia law. Pet'r's Br. (ECF No. 4, at 10). Respondent argues this is a merits adjudication requiring deferential review under § 2254(d). Resp't's Mem. (ECF No. 16, at 3). But "if [a] state court's decision was made based on the unavailability of state habeas relief, then the decision was not based on the merits and the court must review the claim *de novo*." Williams v. Clarke, No. 2:19cv41, 2020 WL 5650409, at *4 (E.D. Va. Aug. 11, 2020), R. & R. adopted by Williams v. Clarke, No. 2:19cv41, 2020 WL 5648728 (E.D. Va. Sept. 21, 2020); see also Higdon v. Jarvis, No. 7:11cv330, 2012 WL 738731, at *4 (W.D. Va. Mar. 5, 2012); Boger v. Young, No. 7:10cv175, 2010 WL 4861616, at *3-4 (W.D. Va. Nov. 23, 2010). As the Supreme Court of Virginia based its dismissal of Johnson's petition on the inapplicability of Virginia habeas relief

5

to his claims, it did not adjudicate Johnson's petition on the merits. Thus, this court does not review Johnson's Petition with substantial deference for the Supreme Court of Virginia's ruling. Instead, this court reviews Johnson's Petition de novo.[3]

### III. <u>Analysis</u>

Respondent contends that the court should dismiss Petitioner's § 2254 Petition because Petitioner does not assert a valid habeas claim. Resp't's Mem. (ECF No. 16, at 4). Specifically, Respondent argues that a valid habeas claim must, upon success, necessarily invalidate or shorten the petitioner's confinement. Id. Success in Johnson's Petition, Respondent contends, would neither invalidate nor necessarily shorten Johnson's confinement. Id. I agree.

An inmate in a state prison who wishes to challenge the conditions of his confinement in federal court has two potential avenues: he may file a claim under 28 U.S.C. § 2254, as Johnson has, or he may file a claim under 42 U.S.C. § 1983, "the more general federal civil rights statute." Gaskins, 443 F. Supp. 2d at 803. These causes of action are "distinct and their purposes differ." Id. The Supreme Court has provided that "the proper remedy lies in habeas corpus only if 'success in [an] action would necessarily demonstrate the invalidity of confinement or its duration.'" Id. (quoting Wilkinson v. Dotson, 544 U.S. 74, 82 (2005)). Where this is not the case, "§ 1983, not habeas corpus, is the appropriate remedy." Id.

This court has already decided that where a petitioner challenges his good time credit level reclassification, success in that challenge would not "necessarily spell his immediate or speedier release," and so petitioners cannot bring such claims under habeas corpus. Id. at 803-04 (cleaned up). While slightly different, good-time credits and the good conduct allowance

---

[3] Because this report agrees with Respondent's substantive arguments and recommends this court dismiss Johnson's Petition under a de novo standard of review, and the AEDPA's deferential standard of review is only more favorable for Respondent, an application of the deferential standard of review would not change the report's reasoning or its recommendation.

classification system are substantially the same as earned sentence credits and the ESC classification system. Compare Va. Code Ann. §§ 53.1-198 to 53.1-202.1 with Va. Code Ann. §§ 53.1-202.2 to 53.1-202.5. Thus, the conclusion in Gaskins applies here; Johnson's claim would not "necessarily spell his immediate or speedier release." 443 F. Supp. 2d at 803. Whether or not VDOC violated Johnson's due process rights by failing to provide him with a hearing or notice of his ESC level reclassification, the alleged violation certainly does not invalidate Johnson's confinement as a whole and call for an immediate release. Nor does the alleged violation necessarily lengthen Johnson's imprisonment, such that success here would make for a speedier release. VDOC did not deprive Johnson of any already-earned credits; VDOC merely made it impossible for Johnson to earn future credits for one year. It is not a given that Johnson would have earned those credits in the first place. See id. at 804 ("[T]he mere possibility that he might have earned more credits qualifying him for an earlier release does not equate to a guarantee that he would have obtained a speedier release."). Since the alleged due process violation did not necessarily lengthen Johnson's imprisonment, it follows that success here would not necessarily shorten Johnson's imprisonment, and so his claim "does not meet the standard announced in *Wilkinson* for habeas review and should instead be asserted pursuant to a § 1983 prisoner conditions action."[4] Id.

This report will not construe Petitioner's § 2254 Petition as a § 1983 complaint due to the significant difference in filing costs. Whereas it costs $5.00 to file a § 2254 petition for a writ of habeas corpus, a plaintiff must pay $402.00 to file a § 1983 complaint. Court Fees, United States District Court, Eastern District of Virginia, https://www.vaed.uscourts.gov/court-fees (last

---

[4] Even if Petitioner brought this action under § 1983, it would likely be subject to dismissal pursuant to 18 U.S.C. § 1915A(b) for failure to state a claim upon which relief can be granted. See Gaskins, 443 F. Supp. 2d at 805 (finding that a prisoner had no liberty interest in maintaining a certain good time credit classification and dismissing his § 1983 claim).

7

visited June 21, 2023). A petitioner with claims more properly brought under § 1983 "may not present th[o]se claims in a habeas action to avoid paying the $[402] filing fee." Altizer v. Dir., Va. Dep't of Corr., No. 7:12cv360, 2012 WL 4619264, at *1 (W.D. Va. Oct. 1, 2012).

In sum, because Johnson's success here would not "necessarily spell his immediate or speedier release," Gaskins, 443 F. Supp. 2d at 803, his claim is not suitable for habeas review.

## IV. Recommendation

For the foregoing reasons, the undersigned recommends that the court GRANT the Respondent's Motion to Dismiss, (ECF No. 15), and DISMISS the Petition, (ECF No. 1), without prejudice for lack of jurisdiction.

## V. Review Procedure

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
June 27, 2023

## **Clerk's Mailing Certificate**

A copy of the foregoing Report and Recommendation was mailed this date to:

**Deandre Johnson**
No. 1999377
VADOC Centralized Mail Distribution Center
3521 Woods Way
State Farm, Virginia 23160

and an electronic copy was provided to:

**Megan K. Kasper**
Assistant Attorney General
Office of the Attorney General
202 North 9th Street
Richmond, Virginia 23219

Fernando Galindo, Clerk

By ___E. Price___
Deputy Clerk

___June 27,___, 2023